No. 26-5235

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

KALSHIEX LLC

*Appellee,*

v.

WILLIAM ORGEL, ET AL

*Appellants.*

On Appeal from the United States District Court
for the Middle District of Tennessee
No. 3:26-cv-00034

## UNOPPOSED MOTION TO HAVE APPEALS SUBMITTED TO A SINGLE MERITS PANEL AND ORALLY ARGUED ON THE SAME DAY

This appeal and No. 26-3196, *KalshiEX LLC v. Matthew Schuler, et al.*, involve the same plaintiff, bringing a similar challenge to two State sports wagering statutes. Both appeals are being briefed in parallel. To promote judicial efficiency, ensure the issues are placed in full context, and avoid the risk of inconsistent opinions, Tennessee respectfully asks that the two appeals be assigned to one merits panel and orally argued on the same day. Kalshi does not oppose this request.

### BACKGROUND

**Tennessee's appeal against Kalshi:** Online sports wagering is legal in Tennessee, but those wishing to offer wagers must obtain a license and pay taxes

under the Tennessee Sports Gaming Act, Tenn. Code Ann. §§ 4-49-101 to -133. Tennessee's Sports Wagering Council sent a cease-and-desist letter to appellee KalshiEX LLC ("Kalshi"), arguing that Kalshi was violating the Tennessee Sports Gaming Act. Kalshi, a prediction market, sued to enjoin enforcement by the Sports Wagering Council, alleging that Tennessee's gaming regulations are preempted by the Commodity Exchange Act. On February 19, 2026, the Middle District of Tennessee granted Kalshi's motion for a preliminary injunction. PI-Order, R.49.

Tennessee is now appealing the grant of the preliminary injunction. Tennessee's opening brief is due May 18, 2026. CA6-Doc.15 in No. 26-5235. No panel has been publicly announced, and oral argument has not been scheduled yet.

**Kalshi's appeal against Ohio:** In Ohio sports gambling is legal but also requires a license to offer wagers. Ohio's Casino Control Commission sent a cease-and-desist letter to Kalshi stating the view that it was in violation of Ohio's sports gambling laws. Kalshi sued to enjoin enforcement of Ohio's sports gambling laws. Kalshi similarly alleged that Ohio's gaming regulations are preempted by the Commodity Exchange Act. On March 9, 2026, the Southern District of Ohio denied Kalshi's motion for a preliminary injunction. *See KalshiEX LLC v. Matthew Schuler, et al.*, No. 2:25-cv-01165, Dkt. 69 (S.D. Ohio March 9, 2026) (PI Order).

Kalshi is now appealing the denial of the preliminary injunction. Kalshi's opening brief is due May 5, 2026. CA6-Doc.15 in No. 26-3196. No panel has been publicly announced, and oral argument has not been scheduled yet.

2

## ARGUMENT

This appeal should be heard by the same panel and argued on the same day as *Schuler*. Although Tennessee reserves the right to draw distinctions between the two cases, they are similar. Both cases are brought by the same Plaintiff—Kalshi. Both cases challenge State gaming regulations under the same theory of preemption. Both appeals implicate the meaning and sweep of the same federal statute. Deciding them using the same panel and arguing them on the same day will promote efficiency, "[c]onserve[e] … judicial resources," avoid duplication, and decrease the risk of inconsistent results. *Cf. Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). No party will be prejudiced by this relief, since the briefing schedules for the two appeals are currently separated by only two weeks.

This Court recently granted a similar request in appeals Nos. 25-5660 and 25-3371. *See NetChoice v. Skrmetti*, No. 25-5660, CA6-Doc.31, (6th Cir. Dec. 12, 2025) (Order). Both cases involved Tennessee and Ohio and had a single plaintiff challenging two similar State laws. *NetChoice v. Skrmetti*, No. 25-5660, CA6-Doc.12, at 1-3 (6th Cir. Aug. 1, 2025.). On Tennessee's motion, *id.*, this Court ordered the appeals to be "submitted to the same panel for consideration on the same day." *Skrmetti*, *supra*, CA6-Doc.31. Tennessee requests the same here.

## CONCLUSION

Tennessee respectfully moves this Court to submit Nos. 26-5235 and 26-3196 to a single merits panel and, if that panel decides to hold oral argument, to schedule the appeals for argument on the same day.

3

Dated: April 15, 2026

Respectfully submitted,

Jonathan Skrmetti
 *Attorney General & Reporter*

J. Matthew Rice
 *Solicitor General*

*/s/ Aaron L. Bernard*
 *Assistant Solicitor General*

Michael Wennerlund
 Assistant Attorney General

Office of the Tennessee Attorney
General & Reporter
P.O. Box 20207
Nashville, TN 37202
Aaron.Bernard@ag.tn.gov
(615) 532-3234

4

## CERTIFICATE OF SERVICE

On April 15, 2026, I filed an electronic copy of this brief with the Clerk of the Sixth Circuit using the CM/ECF system.  That system sends a Notice of Docket Activity to all registered attorneys in this case.  Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

*/s/ Aaron L. Bernard*
AARON L. BERNARD
