STATE OF TENNESSEE

# Office of the Attorney General

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

July 29, 2026

Kelly L. Stephens
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: *KalshiEX LLC v. Schuler*, *et al.* and *KalshiEX LLC v. Orgel*, *et al.*,
Nos. 26-3196 and 26-5235
FRAP 28(j) Letter Response

Dear Clerk Stephens:

*KalshiEX LLC v. Ellison*, No. 26-cv-2778 (D. Minn. July 27, 2026), does not show that Kalshi is entitled to the universal preliminary relief it seeks.

*First*, *Ellison* interpreted a materially different law. *Ellison* did "not concern any effort by [a State] to "apply its existing sports-betting laws to Kalshi." Op.24 n.17. *Ellison* instead addressed Minnesota's novel "prediction market statute," which "applies to far more than sports-related event contracts." *Id.* *Ellison* itself emphasized this difference to distinguish this Court's reasoning regarding "gambling laws that forbid unlicensed sports betting." *Id.* (citing *KalshiEX v. Schuler*, No. 26-3196, 2026 WL 1295806 (6th Cir. Apr. 24, 2026)).

*Second*, *Ellison* did not address a number of dispositive arguments that bear on the statutory interpretation and preemption questions here. It did not consider the major questions doctrine, the federalism canon, the presumption against implied repeals, Rule 40.11, or the CEA's express preemption clauses (7 U.S.C. §§16(e)(2), 16(h)). *See* Tennessee-Br.33-40, 45-49, 52-54; Tennessee-Reply.2-10, 24, 27-29. Nor did it consider that under Kalshi's limitless swap definition, *all off-DCM sports gambling would be illegal*. *See* Tennessee-Br.35-39; Tennessee-Reply.4-5. That belies Kalshi's interpretation: Congress didn't hide the elephant of nationwide sports gambling in the mousehole of Dodd-Frank's generic swap definition. *See* Tennessee-Br.35-39; Tennessee-Reply.4-5.

*Third*, even on its own terms, *Ellison* misinterprets "exclusive jurisdiction" in 7 U.S.C. §2(a)(1)(A). As this Court recognized in *Schuler II,* jurisdiction and preemption aren't synonymous. *See* Tennessee-Br.45-49; Tennessee-Reply.21-25.

*Fourth*, *Ellison* found that "many contracts" on Kalshi aren't swaps, yet it "[r]egrettably" issued a facial preliminary injunction. *See* Op.23,32 & n.22; *id.* at 35-36. That can't be right. Because Kalshi "maintains that *all* of its contracts comply with the CEA," it must *clearly show* entitlement to that facial preliminary relief. *See* Tennessee-Br.43, 60-61, 69-70; Tennessee-Reply.10-12. So even if this Court adopted *Ellison*'s reasoning—and it should not—it must nevertheless narrow the *Orgel* injunction. *See* Tennessee-Br.43, 60-61, 69-70; Tennessee-Reply.10-12. On that score, *Ellison* actually undermines Kalshi's argument; the court critiqued the *Orgel* district court's expansive "swap" interpretation that purported to support universal relief, finding *Orgel* "ha[s] almost no limiting [principle] at all." Op.33 n.22.

Respectfully,

/s/Aaron L. Bernard
AARON L. BERNARD
*Assistant Solicitor General*

*Counsel for Defendant-Appellee*

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 345 words. It also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface using Century Schoolbook 12-point font in Microsoft Word.

/s/Aaron L. Bernard
AARON L. BERNARD
*Assistant Solicitor General*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 6 Cir. R. 25(f), I certify that a true and exact copy of this letter has been filed via the Court's electronic filing system on July 29, 2026. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

/s/Aaron L. Bernard
AARON L. BERNARD
*Assistant Solicitor General*