STATE OF TENNESSEE

# Office of the Attorney General

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

August 12, 2026

Kelly L. Stephens
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: *KalshiEX LLC v. Schuler*, *et al.* and *KalshiEX LLC v. Orgel*, *et al.*,
Nos. 26-3196 and 26-5235
FRAP 28(j) Letter Response

Dear Clerk Stephens:

A North Carolina tax law (passed weeks before argument) says nothing about whether Kalshi's sports bets are swaps under 7 U.S.C. §1a(47)(A)(ii) (they aren't), nor whether 7 U.S.C. §2(a)(1)(A) preempts all Tennessee gambling laws (it doesn't). Tennessee-Br.24-33, 43-61.

*First*, North Carolina's choice to tolerate Kalshi's pari-mutual wagering scheme doesn't affect Tennessee's regulatory authority over it. Rather, it underscores that gambling regulation is a classic example of federalism and it's up to each State to decide what's best for its citizens. Dodd-Frank contains no unmistakably clear statement that extinguishes States' historic authority over gambling. *Id.* at 33-40.

*Second*, Kalshi's support for North Carolina's taxation of Kalshi's profits undermines its field-preemption argument. Kalshi argued that Congress created a "regime [that] 'leaves no room for the States to supplement it.'" Kalshi-Br.35 (citation omitted). But North Carolina's law directly supplements the very field that Kalshi claims to be preempted—on-DCM transactions. Kalshi's 28(j) highlights the flaws of its field-preemption argument: even in the field it imagines, States have a role to play, Kalshi-28(j). This is not surprising since the CEA "teems with references to state involvement." Tennessee-Br.49 (citation omitted). Kalshi's letter only confirms Tennessee's argument that Congress hasn't preempted the field. *Id.* at 49-51.

*Third*, Kalshi's endorsement of North Carolina's law contradicts its conflict-preemption argument. Kalshi sought a facial, universal injunction against *all* of

Tennessee's sports-gambling law, Kalshi-Br.63-64, which includes paying taxes and identifying Tennessee bettors, Tennessee-Br.60-61. North Carolina's law requires Kalshi to do both. And under Kalshi's reasoning, there's no conflict between these provisions and federal law. Kalshi-28(j).2. So, at the very least, the district court's injunction preventing Tennessee from enforcing *any* of its gambling statutes, including the wagering tax, must be narrowed. Tennessee-Br.58-61, 69-70.

*Fourth*, Kalshi's notice of the North Carolina law represents another change in litigation position. At oral argument, Kalshi decried state regulation as capable of unraveling an entire industry. It claimed, "[Kalshi] just cannot operate if it is subject to 50 different sets of state regimes." Oral.Arg.Tr. at 22:15-22:23. Kalshi now champions state regulation so long as it approves of the scheme.

Respectfully,

/s/Aaron L. Bernard
AARON L. BERNARD
*Assistant Solicitor General*

*Counsel for Tennessee*

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 343 words. It also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface using Century Schoolbook 12-point font in Microsoft Word.

/s/Aaron L. Bernard
AARON L. BERNARD
*Assistant Solicitor General*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 6 Cir. R. 25(f), I certify that a true and exact copy of this letter has been filed via the Court's electronic filing system on August 12, 2026. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

/s/Aaron L. Bernard
AARON BERNARD
*Assistant Solicitor General*